UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WALTER BROWN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STEAK N SHAKE, INC.,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>1:21-CV-4474-SEG |

**O R D E R**

On March 12, 2024, the Court heard oral argument on Plaintiff's motion for reconsideration (Doc. 74) of the Court's February 10, 2023, Order (Doc. 58), which found that the Court lacked personal over the out-of-state, opt-in plaintiffs and out-of-state collective action members in this putative collective action for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). At the hearing, the Court granted Plaintiff's motion for reconsideration and found that it did have personal jurisdiction over the claims of out-of-state, opt-in plaintiffs and collective action members pursuant to O.C.G.A. § 9-10-9, *Cooper Tire & Rubber Co. v. McCall*, 863 S.E.2d 81 (Ga. 2021), *Allstate Ins. Co. v. Klein*, 422 S.E.2d 863 (Ga. 1992), and the Supreme Court's recent decision in *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023).

For the reasons stated on the record at the hearing, the Court determined that general jurisdiction exists over Defendant in Georgia because Defendant consented to general jurisdiction when it registered to do business here.[1] The Court's order of February 10, 2023 (Doc. 58) is accordingly VACATED, and the

---

[1] Since *Mallory v. Norfolk Southern Railway Company* recognized consent as an independent and still-valid basis for corporate personal jurisdiction, 600 U.S. at 146, the question before the Court on Plaintiff's motion to reconsider was what Defendant had consented to by registering to do business in Georgia. The answer to that question was dependent on the relevant state statute and judicial constructions thereof. In Georgia, the relevant statute, O.C.G.A. § 9-10-91, has been authoritatively construed for over 30 years to mean that foreign corporations authorized to do business in Georgia "may sue or be sued to the same extent as a domestic corporation." *Allstate Ins. Co. v. Klein*, 422 S.E.2d 863, 865 (Ga. 1992); *see also Cooper Tire & Rubber Co. v. McCall*, 863 S.E.2d 81, 83 (Ga. 2021) ("In *Klein*, we held that Georgia courts may exercise general personal jurisdiction over any out-of-state corporation that is authorized to do or transact business in this state at the time a claim or cause of action arises.") (internal quotations omitted). Numerous courts in this district have held that foreign corporations registered to do business in Georgia are subject to general jurisdiction here under the prevailing construction of the statute, and that this is consistent with the Constitution. *See, e.g., Ekpo v. Playa Mgt. USA, LLC,* 1:21-CV-2089-TWT, 2022 WL 2048665, at *5 (N.D. Ga. June 7, 2022); *Rumbold v. Trader Joe's E., Inc.*, 120CV03437WMRLTW, 2021 WL 3043420, at *3 (N.D. Ga. Feb. 19, 2021), *report and recommendation adopted,* 1:20-CV-3437-WMR, 2021 WL 3043419 (N.D. Ga. Apr. 21, 2021); *Washington Mut. Mortg. Securities Corp. v. Plaza Home Mortg., Inc.,* 1:17-CV-2272-MHC, 2018 WL 11448017, at *5 (N.D. Ga. Feb. 23, 2018); *Hines v. Mann Bracken, LLP*, 109CV03052RWSLTW, 2010 WL 11647047, at *3 (N.D. Ga. Aug. 18, 2010), *report and recommendation adopted,* 1:09-CV-3052-RWS, 2010 WL 11647129 (N.D. Ga. Sept. 23, 2010).

record should reflect that Defendant's motion to partially dismiss or transfer (Doc. 32) has been DENIED.

At the March 12, 2024, hearing, the Court also resolved a dispute over the language of the Notice and instructed the parties to work collaboratively to issue a notice to the putative class members. On May 6, 2024, the parties jointly submitted a proposed Notice to be issued to the putative class members nationwide. (Doc. 83-1.) Defendant declined to produce a list of putative class members to which notice should be sent, and the parties requested a conference with the Court to resolve the issue. On May 20, 2024, the Court heard argument concerning whether Defendant should produce the list of putative class members.

Having considered the parties' positions on the issue of whether Defendant should be required to produce a class list and who should be included on the list, the Court ORDERS Defendant to produce within 21 days of the date of this Order a list of all current and former tipped employees who worked at Steak N Shake from October 28, 2018, to the present, except employees who: (1) opted-in to *Berry, et al. v. Steak N. Shake, Inc.*, No. Civ. A. 1:20-cv-2932-JMS-MPB (S.D. Ind.); (2) worked in Ohio; or (3) are bound by arbitration agreements. The list of putative class members shall include all contact information available to Defendant, including their last known home

3

addresses, dates of employment, and email addresses to enable notice to issue both via mail and email. The class list shall be produced in an electronic format, such as XLSX format or other format compatible with Excel, to facilitate prompt and efficient distribution of the notice to the class members.

The parties' revised proposed Notice (Doc. 85-1), submitted pursuant to the Court's instructions, is APPROVED.

Within 10 days of the entry date of this Order, the parties are DIRECTED to file a proposed order setting forth a notice plan to include the date by which distribution of the notice must occur, the date by which collective action members must return signed consent forms, the date for the close of the notice period, and so forth. If the parties cannot agree on the terms of a notice plan, they may file separate proposed orders. The Clerk is REQUESTED to submit this case to the undersigned on June 19, 2024.

**SO ORDERED** this 7th day of June, 2024.

_____
SARAH E. GERAGHTY
United States District Judge